NATALIE K. WIGHT, OSB #035576
United States Attorney
District of Oregon
**SIDDHARTH DADHICH, TSB #24096310**
Siddharth.Dadhich@usdoj.gov
**WILLIAM M. NARUS, CASB #243633**
William.Narus@usdoj.gov
Assistant United States Attorneys
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:21-cr-00195-001-BR |
| v. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **ROBERT DAVID LARSEN,** | |
| **Defendant.** | |

Cornelius Police arrested defendant Robert Larsen in the act of knowingly transporting an explosive device without a license or permit in the trunk of the stolen car he was driving, and Mr. Larsen has pleaded guilty to committing that offense. Based on the danger Mr. Larsen's conduct posed to the public and his lengthy criminal history, the government recommends an 18-month sentence to run consecutive to the state sentence Mr. Larsen recently completed.

/ / /

I.      **DEFENDANT'S BACKGROUND AND OFFENSE CONDUCT**

Mr. Larsen is 36 years old. PSR ¶ 61. He was born in McMinnville, Oregon. PSR ¶ 61. Undeniably, Mr. Larsen had a difficult childhood and lacked a stable home. See PSR ¶ 62–66. His formal schooling ended with a high school diploma. PSR ¶ 67, 81.

Mr. Larsen has a long history of substance of abuse, starting with marijuana use at age 11. PSR ¶ 77. He started using methamphetamine at age 16 or 17, cocaine at age 17, and heroin at age 31. PSR ¶ 78. Thus far, Mr. Larsen has largely been unsuccessful with drug treatment programs. PSR ¶ 79–80. Mr. Larsen has two children, one of whom lives in Bay City, Oregon, and the other in St. Helens. PSR ¶ 68–69.

Mr. Larsen has a lengthy criminal history. He was in juvenile custody between the ages of 12 and 15. PSR ¶ 66. At age 24, he was incarcerated for five years in Oregon for Attempted Robbery 1 (felony). PSR ¶ 42, 70. Even after serving that time, and as detailed in the Presentence Report, Mr. Larsen has shown a consistent pattern of criminal activity. Notably, in March of 2020, Mr. Larsen was convicted of Unlawful Use of a Motor Vehicle (felony) in Tillamook County, Case No. 20-CR-02030, for which he was given 24 months' probation. PSR ¶ 42, 70. Mr. Larsen was on probation when he committed the instant offense, and his probation was revoked on June 30, 2021, netting him 18 months in prison. PSR ¶ 49.

On April 27, 2021, Cornelius Police pulled over a vehicle driven by Mr. Larsen pursuant to a high-risk traffic stop. PSR ¶ 13. According to the police report by the attending officer, the vehicle was reported stolen. Mr. Larsen informed officers that he was borrowing the vehicle with permission, an explanation that the vehicle's owner denied. PSR ¶ 14, 17. Officers searched the trunk of the vehicle and found a suspected destructive device and several catalytic convertors. PSR ¶ 15. The device was constructed out of an 8-inch metal water bottle and

**Government's Sentencing Memorandum**                                                      **Page 2**

contained approximately .75 pounds of smokeless, explosive powder. PSR ¶ 18. The metal bottle had an 8-inch detonation court inserted through a hole drilled into the bottle's cap. PSR ¶ 18. As detailed in the attending officer's report, Mr. Larsen claimed that the device was a "firework," and that he received it from a friend.

According to a May 5, 2021, Bureau of Alcohol, Tobacco, Firearms, and Explosives report detailing inspection of the device by Agent Anthony Schodowski, the metal water bottle had a white skull and crossbones insignia on its face, was completely filled with a suspected explosive powder, and had a detonation cord.

## II. PROCEDURAL POSTURE

On June 1, 2021, Mr. Larsen was indicted on three counts relating to the April 27, 2021, arrest. On May 23, 2022, Mr. Larsen pleaded to Count 2 of the indictment, Unlawful Receipt and Transport of Explosive Materials in violation of 18 U.S.C. §§ 842(a)(3)(A) and 844(a). The government agreed to dismiss Counts 1 and 3 pursuant to the parties' plea agreement.

## III. GUIDELINES APPLICATION AND RECOMMENDED SENTENCE

```
Base Offense Level, Count 1 (USSG § 2K1.3(a)(4)).............................16
Adjustment for Acceptance of Responsibility (§ 3E1.1).......................... -3
Adjusted Offense Level ..........................................................13
```

The foregoing Guideline calculation yields an advisory sentencing range of 33 months to 41 months in prison, based on a criminal history category of VI. PSR ¶ 86. Under the plea agreement, the parties agreed to jointly recommend an 18-month sentence to run consecutive to the 18-month sentence Mr. Larsen was already serving for Tillamook County Case No. 20-CR-02030 (totaling 36 months). Mr. Larsen completed his state sentence on July 8, 2022. PSR ¶ 87. He was then transferred to Bureau of Prisons custody in relation to the instant offense.

In September of this year, Mr. Larsen, through his attorney, informed the government about an incident involving physical force against Mr. Larsen while in BOP custody. The government provided some limited discovery in the form of defendant's BOP medical records and photographs of defendant gathered in relation to that incident. The government understands that Mr. Larsen's allegations are under investigation by the BOP. At counsel's request, the government has agreed to allow defendant to argue for a lower sentence than the 18-month joint recommendation the parties originally agreed upon, based on the factors included in 18 U.S.C. § 3553(a).

The government recommends that the Court sentence defendant to 18 months. Mr. Larsen has admitted to transporting an explosive without a permit. That explosive was hidden in the trunk of the stolen car he was driving at the time while on probation for stealing a car. There are any numbers of way in which Mr. Larsen's conduct could have presented a danger to the public. Mr. Larsen's criminal history places him in the highest criminal history category, which demonstrates that incarcerating him for an additional 18 months is necessary to protect the public from further criminal conduct.

**CONCLUSION**

For the foregoing reasons, the government recommends a sentence of 18 months, three years of supervised release, and a $100 special assessment.

Dated: November 30, 2022

Respectfully submitted,

NATALIE K. WIGHT
United States Attorney

*/s/ Siddharth Dadhich*
SIDDHARTH DADHICH, TSB #24096310
WILLIAM M. NARUS, CASB #243633
Assistant United States Attorneys